## Wytheville.

## BEAL v. CITY OF ROANOKE.

### JUNE 22d, 1893.

1. MUNICIPAL CORPORATIONS—*Delegation of authority.*—City Council cannot delegate to a committee its authority to sell the city's real estate.
2. IDEM—*Pursuance of Authority.*—Where council referred petition for purchase of such estate to "the Sewer Committee and the city solicitor with power to act," such committee cannot bind the city by a contract to sell without the solicitor's concurrence.
3. SPECIFIC PERFORMANCE—*Relief conformable to bill.*—Where the bill alleges contract with defendant to sell plaintiff real estate in fee, and the proof is of a contract for "the right to erect a building on it."

HELD:

Specific performance cannot be decreed.

Appeal from decree of the hustings court of the city of Roanoke, rendered June 6, 1891, in a suit in equity, wherein D. R. Beal and S. G. Sibert were complainants and the city of Roanoke was defendant. Opinion states the case.

*Phil. Lockett* and *Penn & Cocke*, for appellants.

*Thomas W. Miller* and *Esten Randolph*, for appellee.

LEWIS, P., delivered the opinion of the court.

This was a suit in the hustings court of the city of Roanoke for the specific performance of an alleged contract for the sale of certain real estate. The facts are few and simple, and are substantially these:

The appellants, by their petition, addressed to the city council, proposed to purchase " the right to erect a building " over a certain sewer on a designated lot owned by the city. This petition was referred by the council " to the sewer committee and city solicitor, with power to act." A few days thereafter the chairman of the sewer committee addressed a note to the appellants' attorney, saying the committee had " placed the value of the space over Trout run at $750." The city solicitor, however, took no part in this action, but advised the committee that it had no authority to sell the property, and could only report the facts to the council. It appears that one Berkowitz then offered the committee $760 for the property, subject to its use by the city for sewer purposes, and that the committee thereupon recommended to the council the acceptance of this offer.

The appellants, however, appeared by attorney before the council and opposed the adoption of the report. They insisted that the letter of the chairman of the sewer committee above mentioned was a distinct offer to sell the property at a certain price; that this offer had been accepted in writing; and that the offer and acceptance together constituted a completed contract. The council took a different view of the matter, and ordered the property to be put up at public auction, whereupon the appellants filed their bill against the city, praying that the advertised sale be enjoined, and that the alleged contract be specifically enforced.

To this bill the city demurred, and also answered, and when the cause came on to be heard, the bill was dismissed by the decree complained of.

It is clear that there is no error in this decree. In the first place, assuming that the city had authority to sell the property in question, the power to do so was a discretionary one, which, upon well settled principles, could not be delegated by the council to a committee. " The principle is a plain one," says Judge Dillon, " that the public powers or trusts devolved by

law or charter upon the council or governing body [of a munici-
pal corporation], to be exercised by it when and in such a
manner as it shall judge best, cannot be delegated to others."
1 Dill. Mun. Corp. (3d ed.), sec. 96. And the same principle
was recognized by this court in the recent case of *McCrowell* v.
*City of Bristol*, 89 Va., 652, where the subject is discussed in an
elaborate opinion by Judge Richardson.

Moreover, when the appellants' petition was presented to
the council, the matter, as we have seen, was referred to the
sewer committee and the city solicitor; so that even if it were
competent for the council to delegate its powers in respect to
making a sale of the property to a committee thus constituted,
no contract could have been made binding on the city without
the concurrence of the city solicitor; and that officer, so far
from agreeing to a sale, advised the committee that a sale could
be made only by the council.

Besides, the alleged contract, asserted in the bill, is for the
sale of the property in fee, whereas the offer to the council was
to purchase, not the fee, but only "the right to erect a build-
ing" on the lot, subject to certain specified reservations and
conditions. In any aspect of the case, therefore, no right to
specific performance has been shown, and the decree must be
affirmed.

DECREE AFFIRMED.